**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **AMY WEBBER,** § | |
| § | |
| Plaintiff, § | Case No. |
| § | |
| vs. § | |
| § | |
| § | |
| **THE TRAVELERS HOME AND** § | |
| **MARINE INSURANCE COMPANY,** § | |
| § | |
| Defendants. § | |

## COMPLAINT

COMES NOW the Plaintiff, Amy Webber, and for her cause of action against the Defendant, The Travelers Home and Marine Insurance Company, (hereinafter referred to as "Travelers"), alleges and states as follows, to-wit:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of Texas, and resides within the Northern District of Texas.

2. Defendant Travelers is an insurance corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

3. This Court has personal jurisdiction over Travelers, as it has the requisite minimum contacts with the State of Texas, has purposefully directed its activities towards the State of Texas, and has purposefully availed itself of the privilege of doing business in the State of Texas.

4. Subject matter jurisdiction is based upon diversity pursuant to 28 U.S.C.A. §1332,

as this is a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C.A. §1391, as a substantial part of the events or omissions giving rise to the claim occurred within this District and Travelers is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6. Travelers issued Plaintiff an insurance policy covering her home at 9 O'Hare Circle, The Colony, Texas, 75056, with policy number 0HE1649863671596331.

7. On February 25, 2017, while Plaintiff's insurance policy with Travelers was in full force and effect, her insured residence suffered water damage and major structural damage which was covered under her policy.

8. Plaintiff made a claim for the water damage to her home. Travelers accepted the claim and assigned it the claim number H3Q42640001H.

9. As a result of the damage to Plaintiff's home, the home is not in a livable condition.

10. Subsequent to the loss of February 25, 2017, Plaintiff allowed Travelers to inspect the home on numerous occasions to determine the amount of damages.

11. Travelers has failed to pay the amount of actual damages caused to Plaintiff's home as it was obligated to do pursuant to the policy of insurance.

12. Travelers suggested contractors to Plaintiff, which contractors Plaintiff contacted and had come to her home and create estimates for repair of the damage.

13. Despite Travelers referring Plaintiff to these contractors, Travelers refused to pay for the repairs as estimated by those contractors.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14. Plaintiff hereby incorporates by reference paragraphs 1-13 of her Complaint as if fully set forth herein.

15. The actions of Travelers herein in failing to properly pay Plaintiff's claim constitute a breach of its insurance contract with Plaintiff.

16. As a result of Travelers' breach of contract, Plaintiff is entitled to recover all contractual damages as allowed for repair and loss of use of her home, all to her detriment in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION

## BREACH OF TEXAS INSURANCE CODE
## UNFAIR CLAIMS SETTLEMENT PRACTICES

17. Plaintiff hereby incorporates by reference paragraphs 1-16 of her Complaint as if fully set forth herein.

18. Travelers has knowingly breached numerous sections of Texas Insurance Code, Title 5 (Protection of Consumer Interests), Subtitle C (Deceptive, Unfair, and Prohibited Practices), Section 541.060 (Unfair Methods of Competition and Unfair or Deceptive Acts or Practices - Unfair Settlement Practices), including, but not limited to:

    a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue; TEX. INS. CODE §541.060(a)(l);

    b. Not attempting in good faith to effectuate prompt, fair and equitable

settlements of claims submitted in which liability has become reasonably clear; TEX. INS. CODE §541.060(a)(2)(A);

c. Refusing to pay the full amount of the claim without conducting a reasonable investigation with respect to the claim; TEX. INS. CODE §541.060(a)(7);

d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage for the covered loss; TEX. INS. CODE §541.061(l);

e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; TEX. INS. CODE §541.061(2);

f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact; TEX. INS. CODE §541.061(3).

19. Plaintiff is entitled to damages pursuant to Texas Insurance Code §541.152 for Travelers' multiple knowing violations of Texas Unfair Claims Settlement Practices statutes whereby Travelers failed in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, the liability for which was never in question; whereby Travelers failed to provide Plaintiff with a reasonable explanation of the basis in the policy for its failure to pay the amounts being claimed by Plaintiff as damages under her Homeowner's policy; and whereby Travelers failed to conduct a

prompt, fair, and reasonable investigation of Plaintiff's claim.

20. As a result of Travelers' breach of its statutory duties, Plaintiff has been damaged in an amount in excess of $75,000.00. Upon findings from the trier of fact that Travelers knowingly violated its statutory duties to Plaintiff, Plaintiff asks that she be awarded three (3) times her actual damages as provided in the statute.

## THIRD CAUSE OF ACTION

## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

21. Plaintiff hereby incorporates by reference paragraphs 1-20 of her Complaint as if fully set forth herein.

22. Travelers has violated various provisions of Texas Business and Commerce Code § 17.46(b) ("DTPA"), including, but not limited to the following:

   a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have;

   b. Representing that goods or services are of a particular standard, quality or grade when they are in fact of another;

   c. Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve;

   d. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been

disclosed.

23. The above violations of Texas Business and Commerce Code § 17.46(b) were a producing cause of Plaintiff's damages and were committed knowingly.

24. The Legislature has enumerated that any violation of Chapter 541 of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. Incorporating facts set forth above, Travelers has committed the following violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA:

   a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue; TEX. INS. CODE §541.060(a)(l);

   b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear; TEX. INS. CODE §541.060(a)(2)(A);

   c. Refusing to pay the full amount of the claim without conducting a reasonable investigation with respect to the claim; TEX. INS. CODE §541.060(a)(7);

   d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage for the covered loss; TEX. INS. CODE §541.061(l);

   e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; TEX. INS. CODE §541.061(2);

f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact; TEX. INS. CODE §541.061(3).

## FOURTH CAUSE OF ACTION

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

25. Plaintiff hereby incorporates by reference paragraphs 1-24 of her Complaint as if fully set forth herein.

26. Travelers' actions herein constitute a breach of its duty of good faith and fair dealing to Plaintiff.

27. As a result of Travelers' breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of $75,000.00.

## FIFTH CAUSE OF ACTION

## EXEMPLARY DAMAGES

28. Plaintiff hereby incorporates by reference paragraphs 1-27 of her Complaint as if fully set forth herein.

29. Travelers' knowing and continuing breach of its Duty of Good Faith and Fair Dealing to Plaintiff in this case is egregious.

30. Travelers has knowingly acted in total disregard of its duties to Plaintiff that in this case rise to the level of malice when the facts of Travelers' actions are considered.

31. If the trier of fact finds the requisite degree of culpability required by Texas law for an assessment of punitive or exemplary damages, Plaintiff seeks such award as is right and just.

WHEREFORE, for the reasons stated above, Plaintiff Amy Webber prays this Court grant her judgment in an amount in excess of $75,000.00, all as set forth above, together with her costs, attorney fees, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Phillip P. Owens II
Phillip P. Owens II
Texas Bar No. 24052051
OWENS LAW OFFICE, PC
6907 N.W. 122nd Street
Oklahoma City, OK 73012-4341
Tel.  405.608.0708
Fax. 405.608.0709
po@owenslawofficepc.com

- and -

Chris Harper, OBA #10325
CHRIS HARPER, INC.
P.O. Box 5888
Edmond, OK 73083-5888
Telephone:  (405) 359-0600
Facsimile:   (405) 340-1973
charper@chrisharperlaw.com
*Attorneys for Plaintiff*

***ATTORNEY LIEN CLAIMED***
***JURY TRIAL DEMANDED***